# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 1, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TRACEY DOTSON,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1024** (BOR Appeal No. 2048314)
                    (Claim No. 2011032353)

**TRACEY L. DOTSON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tracey Dotson, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Tracey L. Dotson, by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 25, 2013, in which the Board affirmed a April 10, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 3, 2012, decision to award 4% permanent partial disability and awarded 5% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dotson, a partial owner and mechanic for Tracey L. Dotson, suffered a knee strain, meniscus tear, and an ACL tear as a result of a fall at work. Mr. Dotson filed his workers' compensation claim which was held compensable. Mr. Dotson was evaluated by Jason Castle, M.D., on April 27, 2011. Dr. Castle diagnosed Mr. Dotson with a medial meniscus tear and an ACL/PCL tear on April 27, 2011. Dr. Castle performed range of motion testing and found that Mr. Dotson had 130 degrees of flexion. On July 27, 2011, Dr. Castle recommended ACL reconstruction and that surgery was performed on December 1, 2011.

Mr. Dotson was evaluated by Joseph Grady, M.D., on April 23, 2011. Dr. Grady determined that Mr. Dotson was at his maximum degree of medical improvement. Dr. Grady then proceeded to calculate impairment. Dr. Grady found no range of motion impairments. However, he did find 1% whole person impairment for atrophy, 1% whole person impairment for partial medial meniscectomy, and 3% for his mild cruciate laxity. Dr. Grady then turned to the combined value chart and found a total of 4% whole person impairment related to the injury.

The claims administrator granted 4% permanent partial disability on May 3, 2012, and Mr. Dotson protested. On August 1, 2012, Mr. Dotson reported to Victor Poletajev, D.C., for an independent medical evaluation. Dr. Poletajev found Mr. Dotson's flexion contracture to be +10 degrees, which resulted in 8% whole person impairment. Dr. Poletajev also found that Mr. Dotson suffered from 5% whole person impairment for muscle strength loss. Utilizing the combined values chart, Dr. Poletajev found 13% whole person impairment.

On October 19, 2012, Mr. Dotson reported to Prasadarao Mukkamala, M.D., for an independent medical examination. Dr. Mukkamala evaluated Mr. Dotson and found a range of motion of 130 degrees of flexion, which is normal. Dr. Mukkamala noted that his findings were similar to the findings of Dr. Grady and Dr. Castle. Dr. Mukkamala found 5% impairment for muscle weakness.

The Office of Judges determined that Mr. Dotson was entitled to a 5% permanent partial disability award, and found that Mr. Dotson did not suffer any impairment related to flexion contracture. The only physician that found disability based upon flexion contracture was Dr. Poletajev. The Office of Judges noted that both Dr. Mukkamala and Dr. Grady agreed that Mr. Dotson did not suffer from any impairment related to flexion contracture. The Office of Judges further determined that the measurements performed by Drs. Mukkamala and Grady were consistent with the measurement performed by Dr. Castle, Mr. Dotson's treating physician. The Office of Judges then examined the issue of whether Mr. Dotson suffered any impairment from a loss of strength. Dr. Mukkamala and Dr. Poletajev both agreed that Mr. Dotson suffered from 5% impairment related to the loss of strength. Dr. Grady only found 1% whole person impairment related to the loss of strength. As a result, the Office of Judges found that the consistent reports that found 5% whole person impairment more accurately reflected Mr. Dotson's impairment related to the loss of strength.

We agree with the findings of the Office of Judges and the conclusion of the Board of Review. Mr. Dotson has failed to establish that he is entitled to any more than a 5% permanent partial disability award related to his work injury. The only person of record that opined he was entitled to more was Dr. Poletajev. However, Dr. Poletajev's opinion is not consistent with the other evidence in the record. Accordingly, it was not in error to disregard his findings.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 1, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II